W. C. PARKE and JONA. AUSTIN, Assignees of Y. Anin, a Bankrupt, *vs.* S. SELIG, Receiver of the Estate of Anin and Ahuna.

SPECIAL CASE UNDER SECTION 1140, CIVIL CODE.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.   FORNANDER, J., absent.

S. was appointed administrator of A.  Among the assets was a promissory note by Y. A. in favor of A.  Y. A. and A. were partners. S. was appointed receiver of the partnership, and agreed with Y. A. that the note should be paid out of the share of Y. A. in the partnership assets.  Y. A. was afterwards adjudicated a Bankrupt.  The assignees claimed the whole of Y. A.'s share.

Held, that S. was entitled to retain the amount of the note.

The following are the statements in the special case :

1.   The said Parke and Austin were, upon the 19th day of April, 1887, duly appointed assignees of the estate of Y. Anin, a bankrupt.

2.   The said Selig was, upon the 16th day of February, 1886, duly appointed administrator of the estate of L. Ahuna, who died January 7, 1886.

3.   The said Selig was, upon the 29th day of March, 1886, duly appointed receiver of the estate of Ahuna and Anin, co-partners, doing business on the Island of Oahu, as rice planters.

4.   The said Parke and Austin, as said assignees, claim from said Selig, as such receiver, the sum of $2905.65, as the amount due to the said Anin upon the settlement of the accounts of the said receiver.

5. The said Selig submits the following statements: That Ahuna died on the 7th day of January, 1886; that said Selig was appointed administrator of the estate of Ahuna, February 16, 1886, and found among the assets of the estate a note in the words and figures following, to wit:

Dollars 1213.35.                         HONOLULU, July 15, 1885.

Six months after date, I promise to pay to the order of L. Ahuna, twelve hundred and thirteen 35-100 dollars, at Honolulu, in silver coin.                         Y. ANIN.

Due January 15, 1886.

That enquiry shows that said note was given by Anin to his partner Ahuna for a balance due on settlement between them at its date, and was for moneys advanced by Ahuna to said partnership over and above his share.

That upon coming into possession of said note, the administrator brought suit thereon in the Supreme Court, April Term, 1886.

That upon being appointed receiver of the partnership, the case was dropped upon agreement with Anin, that payment for said note should be taken out of any moneys found to be due to Anin upon settlement by the receiver of the partnership accounts.

That the settlement of the receivership has been delayed, awaiting the result of certain law suits against the receiver, viz.: *Aluna vs. Selig,* Receiver; *Yeong Sai Kong vs.* same. (See 6 Hawn., 661).

That His Honor the Chief Justice instructed the said Selig to postpone the settlement of the estate of Ahuna, and the said receivership, until the decision of said law suits.

That in consequence of the agreement above mentioned, to take the amount of said note from any moneys coming to Anin from said partnership, the receiver did not consider it necessary to take any further steps in relation to said note, as he held funds as such receiver more than sufficient to pay the said note.

6. The said Parke and Austin submit as follows, to wit: That as such assignees they are entitled to receive from said

receiver the whole of said sum $2905.15, which is the balance due to the said Anin upon settlement of the accounts of said receiver.

That the note in question was due and payable on the 18th day of January, 1886, at which time the said Anin was solvent, and that if the said note was not paid before the appointment of said administrator, he should have collected same from the said Anin, and was not justified in dropping the suit which he had commenced for that purpose.

That not being diligent in the collection of said note, the said receiver is estopped from deducting the amount thereof from the sum shown by his accounts to be due to Anin.

That there was no legal transfer of the title of said note from the estate of Ahuna to the receiver of Ahuna and Anin.

That if said note has not been paid, it is the property of Ahuna, deceased, and should be proved as a claim against the estate of Anin, bankrupt.

That the deduction of the amount of such note from the amout due to Anin, would, if allowed, be unjust and prejudicial to the interest of the creditors of Anin.

The opinion of the Supreme Court, and a decree in conformity therewith, is requested, as to whether the said receiver may deduct the amount of the said promisory note from the said sum $2905.15, or whether he shall pay over to the said assignees the whole of the said amount.

` Respectfully submitted this 23d day of April, 1887.

BY THE COURT.

We are of opinion that the administrator of the estate of Ahuna is entitled to retain the amount of the note, and that the assignees of Anin are entitled only to the balance.

*Jona. Austin,* for plaintiffs.

S. Selig in person.